# EXHIBIT  A

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04476-S6**
**6/17/2021 4:38 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DANIEL SCHUCH, and<br>ANGELIQUE SCHUCH, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | **21-C-04476-S6** |
| v. | ) | |
| | ) | |
| ACE AMERICAN INSURANCE<br>COMPANY, MASTEC NORTH<br>AMERICA, INC., MASTEC, INC.,<br>and DOUGLAS WHITT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COME NOW Plaintiffs Daniel Schuch and Angelique Schuch (collectively,
"Plaintiffs") and file their Complaint, showing the following:

*Jurisdiction and Venue*

1.

Defendant Ace American Insurance Company ("Ace") is a Pennsylvania

insurance company with its principal office in Philadelphia, and it may be served with

Summons and Complaint in this action by its registered agent, CT Corporation System, at

its registered office located at 289 S Culver Street, Lawrenceville, Gwinnett County,

Georgia 30046.

2.

Defendant MasTec North America, Inc. ("MNA") is a Florida corporation with its

principal office located in Coral Gables, Florida, and it may be served with Summons and

Complaint in this action by its registered agent, Corporation Service Company, at its

registered office located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

3.

Defendant MasTec, Inc. ("MasTec") is a Florida corporation and it may be served with Summons and Complaint in this action by personal service on its Chief Executive Officer, José R. Mas, at its principal office located at 800 S. Douglas Road, 12th Floor, Coral Gables, Dade County, Florida 33134.

4.

Defendant Douglas Whitt ("Whitt") may be served with Summons and Complaint in this matter at 205 Whitt Lane, Load, Greenup County, Kentucky 41144.

5.

The state court has subject matter jurisdiction over this action for damages for personal injury.

6.

Venue is proper in Gwinnett County pursuant to Georgia Const. Art. VI Sec. II, Paras. IV and VI, and OCGA §§ 9-10-93 and 14-2-510 (b).

**Facts Common to All Counts**

7.

On June 25, 2019, Daniel Schuch was traveling southbound on Tribble Road in Forsyth County, Georgia, and stopped to turn left onto Canton Highway.

8.

Whitt, traveling west on Canton Highway, entered the intersection in disregard of the traffic signal and struck the vehicle being driven by Daniel Schuch as Daniel Schuch was attempting a left turn.

9.

Whitt was operating a Ford F450 with a gross vehicle weight rating of 16,000 under the authority of MNA's DOT number, 774244.

10.

MNA was the owner of the vehicle operated by Whitt.

11.

On information and belief, Whitt was an employee of MNA and/or MasTec acting in the course and scope of his employment.

12.

The responding officer issued Whitt a citation for violation of OCGA § 40-6-20, failure to obey a traffic device, to which he pled guilty on August 16, 2019.

13.

As a direct and proximate consequence of the collision, Daniel Schuch experienced post-concussion syndrome, with symptoms including headaches, blurred vision, forgetfulness, irritability, and confusion, shoulder, neck, knee, and arm pain, as well as back pain arising from injury to his spine which ultimately required surgery. Daniel Schuch also suffered permanent side effects from his back surgery proximately caused by the collision.

## COUNT I – VICARIOUS LIABILITY (MNA and MasTec)

### 14.

Whitt was acting as either an employee or contractor of MNA and/or MasTec under the authority of MNA's DOT number.

### 15.

MNA and/or MasTec should be held vicariously liable for the conduct of Whitt as alleged herein pursuant to the doctrine of respondeat superior or the doctrines of "lease," "placard," or "logo" liability.

## COUNT II – NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION (MNA and MasTec)

### 16.

Prior to and including the date of the collision at issue, Whitt customarily and upon the direction and control of MNA and/or MasTec operated his vehicle on behalf of MNA and/or MasTec as their agent and/or employee.

### 17.

MNA and/or MasTec did not adequately screen, supervise, or train Whitt.

### 18.

It was foreseeable to MNA and/or MasTec that its drivers would fail to obey traffic signals and proximately cause injury to persons such as Daniel Schuch.

### 19.

Despite the foreseeability of injury to persons such as Daniel Schuch, MNA and/or MasTec failed to adequately screen, supervise, or train its drivers, in breach of its duty owed to persons such as Daniel Schuch, which constituted negligence.

4

20.

As a direct and proximate consequence of said negligence, Daniel Schuch

incurred special damages for which MNA and/or MasTec should be held liable, including

general damages in an amount to be determined at trial and special damages in the form

of past and future medical expenses in the amount of at least $189,215.53, which

continue to accrue, as well as lost income in the amount of at least $21,665.67.

21.

MNA and/or MasTec also should be held liable to Angelique Schuch for her loss

of the consortium of Daniel Schuch, her spouse, in an amount to be determined at trial.

**COUNT III – DIRECT ACTION PURSUANT TO O.C.G.A. § 40-2-140 (Ace)**

22.

Ace provides insurance coverage to MNA.

23.

Pursuant to OCGA § 40-2-140, Ace is liable directly for physical injuries incurred

as a result of the collision as issue in this matter.

**COUNT IV – NEGLIGENCE (Whitt)**

24.

Whitt had a duty of care in the operation of his vehicle on June 25, 2019.

25.

Whitt breached said duty of care by, without limitation, operating his motor

vehicle in disregard of a traffic signal.

26.

Whitt's breach of duty constituted negligence.

27.

As a direct and proximate consequence of Whitt's negligence, Daniel Schuch incurred special damages for which Whitt should be held liable, including general damages in an amount to be determined at trial and special damages in the form of past and future medical expenses in the amount of at least $189,215.53, which continue to accrue, as well as lost income in the amount of at least $21,665.67.

28.

Whitt also should be held liable to Angelique Schuch for her loss of the consortium of Daniel Schuch, her spouse, in an amount to be determined at trial.

**COUNT V – NEGLIGENCE PER SE (Whitt)**

29.

Whitt had a duty to operate his vehicle in accordance with state and federal law on June 25, 2019.

30.

Whitt breached said duty of care by, without limitation, operating his motor vehicle in disregard of a traffic signal.

31.

Whitt's breach of duty constituted negligence per se.

32.

As a direct and proximate consequence of Whitt's negligence, Daniel Schuch incurred special damages for which Whitt should be held liable, including general damages in an amount to be determined at trial and special damages in the form of past

6

and future medical expenses in the amount of at least $189,215.53, which continue to accrue, as well as lost income in the amount of at least $21,665.67.

33.

Whitt also should be held liable to Angelique Schuch for her loss of the consortium of Daniel Schuch, her spouse, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully pray that summons and process issue and be served on Defendants as provided by law, that six months of discovery be had, that the matter be tried to a jury on all issues, that the Court enter judgment in favor of Plaintiffs and against Defendants for damages in amounts to be determined at trial, including general and special damages as set forth above, that the costs of this action be cast upon the defendants, and that the Court award such other and further relief as it deems proper and just.

Respectfully submitted this 17th day of June, 2021.

**STEVEN LEIBEL, P.C.**

*/s/ Steven Leibel*
STEVEN LEIBEL
Georgia State Bar No. 445050
PAUL MENAIR
Georgia State Bar No. 502018
*Attorneys for Plaintiffs*

6150 GA Hwy 400, Suite C
Cumming, Georgia 30028
(404) 892-0700
(770) 844-0015 (Fax)
steven@leibel.com
paul@leibel.com

7

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DANIEL SCHUCH, and<br>ANGELIQUE SCHUCH, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| ACE AMERICAN INSURANCE<br>COMPANY, MASTEC NORTH<br>AMERICA, INC., MASTEC, INC.,<br>and DOUGLAS WHITT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT MASTEC NORTH AMERICA, INC.

The Plaintiff hereby requests, pursuant to O.C.G.A. § 9-11-36, that Defendant admit

or deny that each of the statements set forth below is true and serve a copy of the answers

upon the undersigned counsel of record within the time permitted by law.

## REQUESTS

You are requested to admit the following, and if you respond with anything less than

a full and unqualified admission of any request, you are requested to explain the reason(s)

for your response. You may not give lack of information or knowledge as a reason for

failure to admit or deny, unless you state that you have made a reasonable inquiry and that

the information known to or readily obtainable by you is insufficient to enable you to admit

or deny. If you consider that a matter of which an admission has been requested presents a

genuine issue for trial, you may not, on that ground alone, object to the request, but you

may, subject to the provisions of OCGA § 9-11-37(c), deny the matter or set forth reasons

why you cannot admit or deny it.

1.

Admit that the Court has personal jurisdiction over you in this action.

2.

Admit that the Court has subject matter jurisdiction over you in this action.

3.

Admit that venue is proper in this action.

4.

Admit that process was sufficient in this action.

5.

Admit that service of process on you was sufficient.

6.

Admit that all indispensable parties are joined in this action.

7.

Admit that Douglas Whitt was acting in the course and scope of his employment by you when the collision described in Plaintiff's Complaint occurred.

8.

Admit that Douglas Whitt was acting as your agent or otherwise on your behalf when the collision described in Plaintiff's Complaint occurred.

9.

Admit that you would be vicariously liable for the conduct of Douglas Whitt under a theory of respondeat superior, lease, agency, "logo" or "placard" liability, or some other legal theory in the event that the finder of fact was to find him liable at trial.

10.

Admit that you had a duty to exercise due care in the hiring, supervision, training, and/or retention of Douglas Whitt.

11.

Admit that you breached your duty of care in the hiring, supervision, training, and/or retention of Douglas Whitt.

12.

Admit that you were the owner of the motor vehicle driven by Douglas Whitt at the time of the collision described in Plaintiff's Complaint.

13.

Admit that you had a duty of care in entrusting to Douglas Whitt the motor vehicle driven by Douglas Whitt at the time of the collision described in Plaintiff's Complaint.

14.

Admit that you breached your duty of care in entrusting to Douglas Whitt the motor vehicle driven by Douglas Whitt at the time of the collision described in Plaintiff's Complaint.

15.

Admit that Douglas Whitt was operating under the authority of your US DOT # at the time of the collision described in Plaintiff's Complaint.

16.

Admit that you had a duty of care in entrusting Douglas Whitt with the authority of your US DOT Number.

17.

Admit that you breached your duty of care in entrusting Douglas Whitt with the authority of your US DOT Number.

18.

Admit that Plaintiff suffered injuries and damages as a result of the collision described in Plaintiff's Complaint.

Respectfully submitted this 17th day of June, 2021.

**STEVEN LEIBEL, P.C.**

*/s/ Paul Menair*
STEVEN LEIBEL
Georgia State Bar No. 445050
PAUL MENAIR
Georgia State Bar No. 502018
*Attorneys for Plaintiffs*

6150 GA Hwy 400, Suite C
Cumming, Georgia 30028
(404) 892-0700
(770) 844-0015, Facsimile
steven@leibel.com
paul@leibel.com

4

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DANIEL SCHUCH, and<br>ANGELIQUE SCHUCH, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| ACE AMERICAN INSURANCE<br>COMPANY, MASTEC NORTH<br>AMERICA, INC., MASTEC, INC.<br>and DOUGLAS WHITT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MASTEC NORTH AMERICA, INC.**

Plaintiff hereby requests, pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, and 9-11-34, that Defendant respond to the following interrogatories and requests for production of documents under oath within the time permitted by law. Each of the following interrogatories and request for production of documents shall be deemed continuing and must be supplemented by Defendant to the extent required by O.C.G.A. § 9-11-26(e).

**DEFINITIONS**

(a)    Document – As used herein "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in the custody, control or possession of Defendant or of which Defendant have knowledge, including without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions,

pictures, film, graphs, statistical compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which the draft or copy contains any commentary or notation whatsoever that does not appear on the original.

(b)   Person – As used herein "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(c)   Date – As used herein "date" shall mean the exact day, month, and year, if known to Defendant, or, if the exact date is not known, the best available approximation.

(d)   Communication – As used herein "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(e)   Identify – As used herein "identify" when used in reference to:

(1)   a person who is an individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence telephone numbers;

(2)   a person who is a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity, shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

2

(3)    an oral communication shall mean to state the date, subject matter, communicator, communicatee, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(4)    a document shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, Defendant may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is in response and identifying the present custodian of the original). If any document which you would have identified in response to any interrogatory was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of, and in any such instance to set forth the surrounding circumstances of any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such documents.

(f)    State All Facts – As used herein "state all facts" means to state all facts discoverable under O.C.G.A. §§ 9-11-26 and 9-11-33 known to Defendant, and to identify all persons having knowledge of such facts, identify all documents concerning or relating to

3

such facts, and identify all communications concerning or relating to such facts. When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting, the allegation.

(g)    You – As used herein "you" shall mean Defendant or any person or persons acting, or purporting to act, in any manner for Defendant or his/her behalf.

(h)    Or – As used herein "or" shall mean and/or.

## INSTRUCTIONS

(a)    Each interrogatory should be answered separately upon the knowledge or upon the information and belief of Defendant and any answer based upon information and belief should state that it is given upon such basis.

(b)    If the complete answer to an interrogatory is not known, so state and answer as fully as possible each part of such interrogatory to which an answer is known.

(c)    The following interrogatories shall be continuing to the full extent permitted under the applicable provisions of the Georgia Civil Practice Act. Each interrogatory shall be construed to include information and documents within Defendant's knowledge, possession, or control as of the date of her answer to these interrogatories and any supplemental information, knowledge, data, documents or communications responsive to these interrogatories which is subsequently generated, obtained or discovered.

(d)    If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

(1)    Provide such information as can be ascertained without undue burden;

(2)    State with particularity the basis for such objection, including:

4

(a)     a description of the process or method required to obtain any fact or document responsive to the interrogatory; and

(b)     the estimated cost and time required to obtain any fact responsive to the interrogatory.

(3)     Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the interrogatory can be obtained.

(e)     Objections based on privilege - In the event that any information requested herein is withheld under a claim of privilege, please provide the following regarding the information which you claim is privileged:

(1)     a description of the general subject matter of the information and the approximate date when it was prepared, created, or became known;

(2)     the name and title of each person having knowledge of the information and the name and title of any other person who may have received such information;

(3)     A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the information; and

(4)     the numbers of each interrogatory to which the information otherwise would be responsive.

(f)     To the extent any information called for by these interrogatories is unknown to you so state and set forth such remaining information as is known.  If any estimate can reasonably be made in place of unknown information, also set forth your best estimate,

clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

     (g)     All definitions set forth herein shall be carefully regarded.

## INTERROGATORIES

### 1.

Identify all witnesses who are likely to have discoverable information pertaining to the issues of liability, causation, or damages involved in the above-styled matter, stating the substance of what you believe each such person knows.

### 2.

Please state the names, residence and business addresses, and residence and business telephone numbers of all persons whom you expect to call or may call as expert witnesses at trial and identify any documents or opinions that were provided to or received from these persons.

### 3.

Please state whether you were provided coverage under any policy of liability insurance or other form of indemnification that would pay all or part of any judgment that may be rendered against you in this matter.  If so, please state for each such policy of insurance, including but not limited to, primary, excess, umbrella, co-insurance or any other policy:

     (a)     The name of the insurance carrier;

     (b)     The policy number;

     (c)     The effective dates of the policy;

     (d)     Your complete limits of liability; and

(e)     Whether there has been any denial of coverage, reservation of rights, or non-waiver agreement pertaining to said insurance.

4.

Were any photographs, motion pictures, maps, diagrams, drawings, measurements, surveys or other representations made of any person(s), place(s) or thing(s) pertaining to the issues involved in the above-styled matter?  If so, identify each item by what it depicts, who prepared the item, and the date it was prepared.

5.

Were any statements, written or otherwise, obtained from anyone, including the parties, interviewed or questioned by or on your behalf in connection with the incident complained of in this case or do you have knowledge of statements taken by anyone else in connection with this incident?  If so, state the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons giving such statements, dates on which they were obtained, and the names, addresses, job titles or capacities, and present whereabouts of all persons who have present custody and/or control thereof, and identify any documents that record, reflect, or otherwise memorialize such statements.

6.

Please state whether you have ever been a party in any other legal action, either as a plaintiff or as a defendant, during the past ten years.  If so, please give the date and place of each such lawsuit, the name of the court, the name of the other parties and the attorneys representing each party, and please describe the nature of the lawsuit and the result of the lawsuit.

7

7.

At any time following the accident that is the subject of this action, has any investigation or surveillance been conducted with regard to the Plaintiff to determine Plaintiff's activities or background or the activities or background of any member of the Plaintiff's family?  If so, please state the name, address and employer of any person conducting such an investigation or surveillance, the dates of the investigation or surveillance and describe the information obtained.  For each person identified, please identify any and all documents used or produced in association with any investigation or surveillance of Plaintiff or Plaintiff's family.

8.

Please provide the make, model number, serial number, vehicle identification number, tag number, state of registration, and exact weight of the motor vehicle involved in the incident at issue in this litigation, and please name the owner(s) of the motor vehicle. If you are not the owner of the motor vehicle, please state whether they were under lease and if so, please state the name, address, and telephone number of the person who was the lessor of the motor vehicle.

9.

Please fully identify the driver of the motor vehicle in the incident at issue in this litigation, including his:

(a) Full name;

(b) Current address;

(c) Telephone number;

(d) Driver's License number;

(e) Social Security number;

(f) His cell phone number(s) at the time of the incident and the name(s) of the cell phone provider(s);

(g) Relationship to you at the time of the incident (i.e. employee, independent contractor, etc.); and

(h) Current relationship to you.

10.

Did your company have a safety director now and at the time of the subject accident? If so, please state his or her full name, residence and business addresses, and residence and business telephone number.

11.

Please state the place of origin and the place of destination of the motor vehicle involved in the subject collision, also stating the exact time when the truck lefts its place of origin, what the scheduled arrival time was, and when the motor vehicle arrived at its destination. Please state whether your company is in possession of the driver's log for the trip and any bills of lading, freight bills and expense invoices generated during the course of the trip.

12.

Please state whether the motor vehicle was transporting a load of cargo at the time of the accident. If so, please identify the load carried at the time of the accident, the names, addresses, and telephone numbers of the owner of the cargo, the destination set for the cargo, the purpose of the cargo, and the names, addresses, and telephone numbers of the

customer to receive the cargo. Please also state whether the driver participated in loading the motor vehicle.

13.

State whether the driver of the motor vehicle involved in the subject accident was tested for consumption of any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the occurrence, whether post-accident testing is a company policy or procedure, and, if positive, state where the substances were obtained, consumed, the nature and amount thereof and identify any documents memorializing the testing.

14.

Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the occurrence? If so, state the substance of such conversations and identify any documents containing information regarding such conversations or contacts.

15.

Identify the persons responding to these interrogatories on your behalf and describe their relationship to you.

16.

From the time of purchase through and including the date of the occurrence at issue, identify damages and or repairs of any kind made to the motor vehicle involved in the collision giving rise to this litigation and identify any photographs and/or documents that depict these damages and repair and identify the person (s) or entity that may have possession of same.

17.

State whether, to Defendant's or his representatives' knowledge, information, or belief, whether the vehicle at issue in this litigation is/was equipped with any sort of device capable of recording information about the vehicle's movement/operation, including, but not limited to, the vehicle's location, speed, acceleration/deceleration, seatbelt use, airbag deployment, engine RPM, throttle position, and/or brake use. If so, state the type of device and its location in the vehicle, whether the device was triggered, the triggering event, whether the data was downloaded, interpreted, and/or otherwise preserved and who is in possession of the data.

18.

To the extent that any of your responses to Plaintiff's First Request for Admissions consist of anything other than an unqualified admission, state the legal and factual basis for your response.

19.

State in detail the manner in which you assert that the incident referred to in the Complaint occurred, specifying the speed, position, direction and location of each vehicle involved during its approach to, at the time of, and immediately after the collision.

20.

Identify any industry organizations you or the officers of your company belong to, and any industry or trade publications you or the officers of your company subscribe to.

21.

Please state whether you have ever been found in non-compliance with a U.S. Department of Transportation ("U.S. D.O.T.") or other federal regulation. If so, for each such incidence of non-compliance please state the following:

      (a)     The nature of the non-compliance, including, but in no way limited to, the regulation not complied with;

      (b)     The penalty for non-compliance;

      (c)     The resolution or disposition of the non-compliance, including, but in no way limited to, any settlement made with the U.S. D.O.T.;

      (d)     Any identifying information relating to the non-compliance, including, but in no way limited to, any citation or violation number or any notice of claim filed; and

      (e)     How you have worked to ensure that such a non-compliance does not recur in the future.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Produce each and every document relied upon by you in part or in whole in your effort to respond to the preceding interrogatory responses, or identified by you in those responses.

2.

Produce any photographs of the vehicles that were taken after this accident.

3.

Produce all policies and procedure manuals, memoranda or directives, standard operating procedures, training manuals or materials or videos, driver manuals, handbooks,

presentations, employee manuals, handbooks or brochures and supplements and updates thereto used or prepared by or on behalf of the Defendant during the last 5 years.

4.

Produce all documents which in any way refer to Defendant Douglas Whitt's work activities for the period beginning ten (10) days prior to the date of the incident and ending ten (10) days following the date of the subject collision.

5.

Produce any report, memoranda, document, or thing that was created, prepared, provided to or relied upon by any expert whose testimony you intend to rely upon at trial in the present case.

6.

Produce all documents prepared and/or filed as a part of any insurance claim made with any insurer relating to the incident which is the basis of this lawsuit.

7.

Produce the Electronic Control Module (ECM) or any other type of on-board data recording, log auditing, or satellite tracking software or device that was used at the time of this accident.

8.

Produce any document that records, reflects or memorializes ECM, log auditing, or collision-avoidance data relating to the transactions and occurrences alleged in this matter.

9.

Produce all logs, whether official or unofficial, maintained by you relating to the driver at issue in this action for six (6) months prior to and thirty (30) days after the incident.

10.

Produce your entire file, including, without limitation, the entire personnel and/or "human resources" file of Defendant Whitt, his employment application and any notes or documentation regarding his interview for employment, the entire qualification file or any file regarding any investigation into the qualifications of the Defendant Whitt before or after he was hired or retained, reports received or generated regarding Defendant Whitt's safety record, criminal background, or driving record, and including all medical documentation in your possession regarding the health of Defendant Whitt including but not limited to any physicals, all drug or alcohol testing, vision testing, etc., as well as records of health insurance claims, disability claims, or doctor's excuses.

11.

Any and all documents regarding any safety tests, training, or audits provided to or relating to Defendant Whitt, as well as records of any reprimands, criticisms, or complaints.

12.

Any and all payroll and benefit records for Defendant Whitt.

13.

The entire safety performance file for Defendant Whitt.

14.

Any and all federal occurrence reports filed by Defendant Whitt for three (3) years prior to the occurrence.

14

15.

All of the records of Defendant Whitt for the seven (7) days prior to the occurrence and for the day of the occurrence, which documents you are required to retain under 49 C.F.R. §395.8 (k) and subsequent DOT guidance and interpretation of "supporting documents":

16.

Any and all cellular and telephone records, including bills of Defendant Whitt, for the day of the occurrence and seven (7) days prior and seven (7) days after.

17.

Copies of any and all fuel tax reports of Defendant Whitt for the month of the occurrence.

18.

Any and all DOT inspection reports filed by Defendant Whitt for the year of the occurrence and three (3) years prior.

19.

Any and all long form DOT physicals of Defendant Whitt.

20.

Any and all Seven Day Prior Forms or Eight Day Prior Forms for Defendant Whitt for the month of this collision.

21.

Any documents in your possession regarding any insurance coverage for Defendant Whitt.

22.

Produce any other records or documents regarding Defendant Whitt not previously requested above.

23.

Produce all internal or external audits, safety audits, reports of safety audits or reviews, including those prepared by or for insurance companies for the last 5 years.

24.

Produce any and all cellular and telephone records for your company, including bills, for the day of the occurrence and seven (7) days prior and seven (7) days after.

25.

Produce copies of any and all of fuel tax reports for your company for the month of the occurrence.

26.

Produce any documents in your possession regarding any insurance coverage that may provide coverage, including excess or umbrella coverage for the subject accident.

27.

Produce all invoices generated by expert witnesses for performing all expert witness services to you regarding the subject accident.

28.

Produce any and all correspondence exchanged between counsel for you and any expert.

29.

Produce any expert's current fee schedule and most recent resume or curriculum vitae.

30.

Produce any list kept by any expert of that expert's testimony by way of deposition or trial testimony.

31.

Any and all 1099 forms for any expert that demonstrates the source(s) of payment(s) to the expert, or the expert's practice, from any insurance company or defense law firm that compensated the doctor for any forensic work performed in the last three years at the request of any defense law firm or insurance company.

32.

Any document prepared during the regular course of business as a result of the incident alleged in Plaintiff's Complaint.

33.

Any documents received pursuant to any subpoena requests or non-party document requests in this matter or in prior litigation arising from the incident alleged in Plaintiff's Complaint.

34.

Produce a copy of the title for the 2008 Ford VIN 1FDXX46Y58EE23648 operated by Defendant Douglas Whitt on the date of subject incident.

35.

Please produce any employee handbooks, safety manuals, driver's manuals, or training material provided to employees regarding the rules, policies and procedures of your company, including any driving standards and instructions.

36.

Provide any invoice, documents, photographs related to damage, claims, and or repair of any kind to the 2008 Ford VIN 1FDXX46Y58EE23648 operated by Defendant Douglas Whitt for the period of time from his initial employment with you to the present.

37.

Produce all correspondence between Defendant and its insurance carriers concerning safety reports, reviews or audits or safety ratings for the last 5 years.

38.

Produce statements from interviewed witnesses, including the driver.

39.

Produce documents relating to the load being carried at the time of the incident at issue in this litigation.

40.

Produce all agenda and minutes of safety department meetings, along with the agenda and sign in sheets, for a time period of five years prior to the subject collision to the present date.

41.

Produce copies of advertisements utilized by the Defendant within last 5 years to solicit drivers in any state of the United States and any foreign country.

18

42.

Produce all documents within the possession and/or control of the Defendant which contain information of any on-board recording monitor, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the motor vehicle for the 30 days before the incident through the date of the incident.

43.

Documents that record, reflect, or memorialize DOT violations.

44.

Produce copies of any treatise, standards in the industry, legal authority, rule, case, statute or code that will be relied upon in the defense of this case.

Respectfully submitted this 17th day of June, 2021.

**STEVEN LEIBEL, P.C.**

*/s/ Paul Menair*
STEVEN LEIBEL
Georgia State Bar No. 445050
PAUL MENAIR
Georgia State Bar No. 502018
*Attorneys for Plaintiff*

6150 GA Hwy 400, Suite C
Cumming, Georgia 30028
(404) 892-0700
(770) 844-0015, Facsimile
steven@leibel.com
paul@leibel.com

19

 CT Corporation

**Service of Process
Transmittal**
06/22/2021
CT Log Number 539773360

TO:  Paul Bech
Chubb
436 Walnut St
Philadelphia, PA 19106-3703

RE:  **Process Served in Georgia**

FOR:  ACE American Insurance Company  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Daniel Schuch and Angelique Schuch, Pltfs. vs. ACE American Insurance Company, et al., Dfts. // To: ACE American Insurance Company |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21C04476S6 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/22/2021 at 11:59 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/22/2021, Expected Purge Date: 06/27/2021<br><br>Image SOP<br><br>Email Notification,  Incoming Legal  incominglegal@chubb.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 21-C-1447C-SC

Superior Court ☐
State Court ☒
Juvenile Court ☐

Magistrate Court ☐
Probate Court ☐

Date Filed _____

Georgia, __Gwinett__ COUNTY

Attorney's Address

__Steven Leibel, P.C.__

__6150 GA Highway 400, Suite C__
__Cumming, GA 30028__

Daniel Schuch and
Angelique Schuch

Plaintiff

vs.

Name and Address of Party to Served

__Ace American Insurance Company__

__c/o CT Corporation System, as Reg Agent__

__289 S. Culver Street__

__Lawrenceville, Gwinnett Co, GA 30046__

ACE American Insurance Company,
Mastec North America, Inc., Mastec,
Inc., and Douglas Whitt

Defendant

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant ____/_____/_____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.
                              and complaint, Plaintiff's First Request for Admissions to Defendant, and Plaintiff's
**TACK & MAIL** First Continuing Interrogatories and Request for Production of Documents to Defendant
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20____.

_____

        DEPUTY

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04476-S6**
6/17/2021 4:38 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Daniel Schuch, and

Angelique Schuch

_____

PLAINTIFF

CIVIL ACTION
NUMBER: 21-C-04476-S6

VS.

ACE American Insurance Company,

Mastec North America, Inc., Mastec,

Inc., and Douglas Whitt

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   MasTec North America, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Steven Leibel, P.C.
6150 GA Highway 400, Suite C
Cumming, GA 30028

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___17TH___ day of ___JUNE___, 20__21__.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011



# Notice of Service of Process

**CB5 / ALL**
**Transmittal Number: 23446022**
**Date Processed: 07/06/2021**

| | |
|---|---|
| **Primary Contact:** | Ellen R Widom<br>MasTec, Inc.<br>800 S Douglas Rd<br>Ste 1200<br>Coral Gables, FL 33134-3165 |
| **Electronic copy provided to:** | Michele Laine |

| | |
|---|---|
| **Entity:** | MasTec North America, Inc.<br>Entity ID Number  1755920 |
| **Entity Served:** | Mastec North America, Inc. |
| **Title of Action:** | Daniel Schuch vs. Ace American Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 21-C-04476-S6 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 07/06/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Steven Leibel<br>404-892-0700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Daniel Schuch, and

Angelique Schuch

_____

PLAINTIFF

VS.

ACE American Insurance Company,

Mastec North America, Inc., Mastec,

Inc., and Douglas Whitt

DEFENDANT

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   Douglas Whitt

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Steven Leibel, P.C.
6150 GA Highway 400, Suite C
Cumming, GA 30028

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DANIEL SCHUCH, and )
ANGELIQUE SCHUCH, )
)
Plaintiffs, ) CIVIL ACTION NO.
)
v. ) 21-C-04476-S6
)
ACE AMERICAN INSURANCE ) JURY TRIAL DEMANDED
COMPANY, MASTEC NORTH )
AMERICA, INC., MASTEC, INC., )
and DOUGLAS WHITT, )
)
Defendants. )

## ACKNOWLEDGMENT OF SERVICE BY DEFENDANT DOUGLAS WHITT

COMES NOW DEFENDANT Douglas Whitt, by and through his undersigned counsel and hereby acknowledges due and legal service of the Summons, Complaint, Plaintiff's First Request for Admissions to Defendant, and Plaintiff's First Continuing Interrogatories and Request for Production of Documents to Defendant in the above-styled action and waives any and all further formal service of same, but does not waive further notice or their right to raise any defenses they may have in this Action. Should further notice be required for any reason, the notice should be mailed to Counsel for Douglas Whitt.

This 25 day of June, 2021.

COZEN O'CONNOR

_____
Kenan Loomis
Georgia Bar No. 457865
Attorney for Douglas Whitt

1230 Peachtree Street NE, Suite 400
Atlanta, GA 30309
(404) 572-2028 (ph)
(404) 866-591-9127 (fx)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **AKNOWLEDGEMENT OF SERVICE** upon opposing Counsel by depositing same in U.S. Mail, proper postage prepaid, addressed to the following counsel of record as follows:

Steven Leibel, Esq.
Paul Menair, Esq.
Steven Leibel, P.C.
6150 GA Highway 400, Suite C
Cumming, GA 30028
*Attorneys for Plaintiffs*

This 23ᵈ day of ___June___, 2021.

**COZEN O'CONNOR**

Kenan Loomis
Georgia Bar No. 457865
Attorney for Douglas Whitt

1230 Peachtree Street NE, Suite 400
Atlanta, GA 30309
(404) 572-2028 (ph)
(404) 866-591-9127 (fx)